UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID ALAN BECK,

          Plaintiff,

vs.                    Case No.  2:12-cv-329-FtM-29SPC

J.  GAUDETTE,  Support  Service
Supervisor Charlotte County Jail,

          Defendant.

_____

## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently confined in the Charlotte County Jail, initiated this action by filing a *pro se* civil rights complaint form pursuant to 42 U.S.C. § 1983 on June 19, 2012 (Doc. #1, "Complaint"). The Complaint alleges that due to his status in "lock down" confinement, Plaintiff does not have access to a "kiosk screen." Complaint at 13. As a result, Plaintiff must complete a "bubble sheet" when ordering items from the commissary. Id. at 15. Additionally, Plaintiff is unable to monitor the transactions and/or deposits made to his inmate account. Id. at 15-16. Plaintiff states that the absence of a kiosk screen constitutes "punishment." Id. at 14. As relief, Plaintiff seeks, *inter alia*, compensation for "funds taken from [him]" and monetary payment "for the mental pain and suffering" he claims he has suffered. Id. at 17. Plaintiff seeks to proceed *in forma pauperis* in this action (Doc. #6).

## I.

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915 is a screening process to be applied sua sponte and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915, "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B)(i)-(iii). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all

allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, although a complaint "does not need detailed factual allegations. . .a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual

enhancement." Id.  Additionally, there is no longer a heightened pleading requirement.  Randall, 610 F.3d at 701.  The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

## II.

Plaintiff's Complaint is fatally flawed for a number of reasons.  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) that the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

At the outset, the Court cannot discern of any constitutional violation based upon the averments in the Complaint.  Plaintiff does not allege that he is prohibited from purchasing items from the commissary.  Instead, he complains that he must request the

items using a "bubble-sheet." Complaint at 15. These conditions of confinement do not amount to the type of restrictions or extreme deprivations that are sufficiently serious to give rise to a constitutional violation. Bell v. Wolfish, 441 U.S. 520, 538-39 (1979); Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004); Jordan v. Doe, 38 F.3d 1559, 1564 (11th Cir. 1994).

Additionally, the Complaint fails to allege any acts of wrongdoing by the named Defendant. See generally Complaint. The Complaint is devoid of the Defendant's name, except on the caption of the case and under the listing of the "Parties." Id. at 1, 11. Thus, Plaintiff fails to establish that Defendant was either personally involved in any act of wrongdoing or causally connected with any alleged act of wrongdoing. Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995).

ACCORDINGLY, it is hereby

**ORDERED:**

1. This case is hereby **DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A or § 1915e(2)(b)(ii)**.[1]

---

[1]Notably, Plaintiff has filed 13 actions challenging the conditions of his confinement in this Court. As of the date of this Order, Plaintiff has been deemed a three striker pursuant 28 U.S.C. § 1915(g). See Order of Court July 9, 2012 (Doc. #5) entered in Case No. 2:12-cv-340-FtM-29DNF (noting the following actions were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) 2:12-cv-191 entered May 23, 2012; (2) 2:12-cv-269 entered June 21, 2012; and, (3) 2:12-cv-328 entered June 25, 2012). Thus, because the instant action was filed 2 days prior to Plaintiff receiving his third
(continued...)

2.    The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any motions or deadlines;  and, 3) close this file.

**DONE AND ORDERED** at Fort Myers, Florida, on this ___26th___ day of July, 2012.


_John E. Steele_
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

---

[1](...continued)
strike, the Court could not dismiss this action due to Plaintiff's three strike status but was required to screen the Complaint pursuant to 28 U.S.C. § 1915A.  See Taylor v. Fla. Dep't of Corr., 440 F. App'x 915, *1 (11th Cir. 2011)(reversing district court counting as a strike a § 1915 dismissal which was entered after plaintiff filed his action).